**Hector HINOJOSA, plaintiff,**

v.

**The CITY OF KINGSVILLE, TEXAS, a Municipal Corporation, Horacio Castillo, Sr., and Arturo Pecos, defendants.**

**No. CIV.A. C–03–017.**

United States District Court,
S.D. Texas,
Corpus Christi Division.

Jan. 30, 2003.

Sam A. Westergren, Jr., Corpus Christi, TX, for plaintiff.

Richard J. Navarro, Lawrence John Rabb, Denton, McKamie, Navarro, et al., Harlingen, TX, Felix Hal George, Jr., Dabney Welsh Pettus, The Kleberg Law Firm, Corpus Christi, TX, for defendants.

### Order Lifting Temporary Restraining Order, Granting Defendants' Motions to Dismiss, and Denying Further Injunctive Relief

HEAD, District Judge.

This case is an employment dispute brought by plaintiff Hector Hinojosa, City Manager of the City of Kingsville, Texas. After amending his complaint, plaintiff's suit remains against the City of Kingsville and only two of its commissioners, defendants Horacio Castillo, Sr. and Arturo Pecos, alleging civil violations of the federal

racketeering statutes, 18 U.S.C. §§ 1964, 1962(b)-(d) (2002). This Court has federal question jurisdiction. *See* 28 U.S.C. § 1331 (1993). Presently before this Court are defendants' motions to lift the temporary restraining order originally imposed on the two commissioners on January 13, 2003, and to dismiss the case for failure to state a claim upon which relief may be granted.

By a majority vote, the five Kingsville, Texas, city commissioners may fire the plaintiff. The plaintiff has alleged that there is an unlawful effort by two of its members—Mr. Castillo and Mr. Pecos—to terminate him because he refuses to fire the Kingsville Chief of Police, Sam Granato. As City Manager, the plaintiff alone has the municipal authority to fire the Chief of Police.

In support of his allegations, the plaintiff offers the affidavit of Chief Granato. In substance, the affidavit of Chief Granato maintains that he has investigated and prosecuted members of a crime organization that traffics in drugs and is allegedly headed by Modesto Gonzalez. The affidavit further alleges, and offers some hearsay evidence in support of the allegation, that Modesto Gonzalez would like to have Granato replaced. Through informants, Councilmen Castillo and Pecos are alleged and insinuated to be helping Gonzalez to replace Granato. On the initiation of Councilmen Castillo and Pecos, the plaintiff's position as City Manager was placed on the Council agenda for potential removal. On sworn testimony of immediate threat to the personal safety of members of the City Council, the Court issued a temporary restraining order to delay voting on Hinojosa's employment. The temporary restraining order was lifted as to the majority of the Council and the City itself on January 27, 2003. Because the plaintiff narrowed his allegations in an amended complaint, the restraining order remains in force only against the alleged "RICO defendants," Castillo and Pecos.

## DISCUSSION

### I. Plaintiff failed to establish that injunctive relief is warranted.

 A temporary restraining order generally remains in effect for only ten days. *See* Fed. R. Civ. P. 65(b). Plaintiff hopes to modify the restraining order to a preliminary injunction of longer duration so that the RICO defendants, Castillo and Pecos, would be prohibited from participating in a decision to terminate him before the civil suit is heard. A preliminary injunction is an extraordinary equitable remedy, and as such it is not granted lightly. *See Evergreen Presbyterian Ministries, Inc. v. Hood,* 235 F.3d 908, 917 (5th Cir.2000). Before a plaintiff can succeed in obtaining a preliminary injunction he must allege and prove that:

(1) there is a *substantial* likelihood that he will succeed on the merits;

(2) there is a *substantial* threat that plaintiff will suffer irreparable injury if the injunction is denied;

(3) the threatened injury outweighs any damage that the injunction might cause defendants; and

(4) the injunction will not disserve the public interest.

*See Women's Medical Center of Northwest Houston v. Bell,* 248 F.3d 411, 419 n. 15 (5th Cir.2001) (emphasis added) (citations omitted). If the defendant fails to meet even one of the four elements, the court is obligated to deny injunctive relief. *See, e.g., id.* In addition to these obstacles, the appellate courts of the United States have expressed considerable doubt over whether injunctive relief is even available to private plaintiffs under RICO. *Bolin v. Sears, Roebuck & Co.,* 231 F.3d 970, 977 n. 42 (5th Cir.2000) (noting "there is consid-

erable doubt that injunctive relief is available to private plaintiffs under RICO.... The only court of appeals case to address the issue has held that RICO does not allow private injunctive relief ... and we have agreed in dicta") (citing *Conkling v. Turner,* 18 F.3d 1285, 1296 n. 8 (5th Cir. 1994); *Religious Tech. Ctr. v. Wollersheim,* 796 F.2d 1076, 1082–89 (9th Cir. 1986); *In re Fredeman Litig.,* 843 F.2d 821, 830 (5th Cir.1988)). *Compare Nat'l Org. for Women, Inc., v. Scheidler,* 267 F.3d 687 (7th Cir.2001) (finding that RICO civil remedies provision authorizes injunctive relief at the behest of private plaintiffs).

■ Although the plaintiff has made shocking charges of sinister behavior of public officials that now include the Sheriff of the County and members of his staff, and has offered through the Chief of Police hearsay evidence in support of those allegations, the evidence is not of sufficient substantive strength to justify this Court's intrusion into the legislative affairs of the elected officials of the City of Kingsville. The evidence offered by plaintiff fails to establish knowledgeable participation of the two City Councilmen in any crime organization. *See* 18 U.S.C. § 1962(b)-(d) (2002); *U.S. v. Posada–Rios,* 158 F.3d 832, 855 (5th Cir.1998) (noting that to establish liability under section 1962(c) the government must prove "(1) the existence of an enterprise that affects interstate or foreign commerce, (2) that the defendant was 'employed by' or 'associated with' the enterprise, (3) that the defendant participated in the conduct of the enterprise's affairs, and (4) that the participation was through 'a pattern of racketeering activity.'") (citations omitted). In any event, it is not reasonably predictable that the next city manager, even if there is one, would be subjected to the will of an alleged crime family to such extent that he in turn would fire the Chief of Police. Under these cir-

cumstances, the plaintiff has failed to meet the first test of further injunctive relief— that is, the substantial likelihood that he will succeed on the merits of his claim.

■ It is also this Court's view that the plaintiff's evidence does not demonstrate a substantial threat of irreparable injury by his removal if his injunction is denied. Should plaintiff be fired, he has adequate remedies at law to address his injuries and to recover damages of financial loss suffered as a result of any wrongful termination. *See* 18 U.S.C. § 1964(c) (2002); *City of Alamo v. Garcia,* 960 S.W.2d 221, 223 (Tex.App.—Corpus Christi 1997) (noting that "courts will ... be able to review a city council's actions [dismissing a municipal officer] for abuse of discretion and due process"). Any such remedy, when mature, will provide him an avenue for vindication.

■ Even without consideration of the foregoing concerns, the Court finds that the public will not be disserved by denial of an injunction. Legislative bodies, such as the City Council of Kingsville, should be given the opportunity to operate without judicial intrusion. Like judges, council members have been chosen by the public to work in the public's best interest as they see it, and by oath have obligated themselves to follow the law. Additionally, legislative officials answer to the public that elects them and the public has an opportunity to press its will upon its duly elected officials. Thus, there is a political answer now available to the dilemma in Kingsville, Texas. Further, the executive branches of government are also free to operate within this sphere and to obtain protection of the public interest. Prosecution authorities of the United States (the United States Attorney for the Southern District of Texas) and the State of Texas (the District Attorney of Kleberg County)

are themselves able and in the best position to investigate the assertions made by the plaintiff and to bring them before the courts as they deem necessary.[1] The Court finds the remedy of injunction to be of the least merit.

For all of the foregoing reasons the Court denies further injunctive relief in either the form of a temporary restraining order or a preliminary injunction.

## II. Plaintiff's complaint is not ripe and must therefore be dismissed without prejudice.

█ Plaintiff is suing for damages that he has yet to incur. He has not yet lost his employment. Plaintiff's injury is merely speculative and not ripe for review. *See Orix Credit Alliance v. Wolfe,* 212 F.3d 891, 895 (5th Cir.2000) (noting that "[a] court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical" and that "a case is not ripe if further factual development is required") (citations omitted). As such plaintiff's case should be dismissed without prejudice until he can allege an actual harm.

## CONCLUSION

Accordingly, the Court terminates its original Temporary Restraining Order of January 13, 2003, as extended by the Order of January 23, 2003, DENIES Plaintiff's Second Amended Request for a Temporary Injunction, and GRANTS Defendants' Motions to Dismiss without prejudice.

---

**1.** "As a general rule, courts also are reluctant to issue injunctions against the commission of a crime even when no question of federalism is present. This hesitance is tied to the notion that for the court to act would interfere with the prosecutor's exercise of discretion to decide whether to prosecute a particular violation." 11A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2942 (2d ed.1995).